IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MITCHELL AARON BURKE, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 16-0444-WS-C |
| UNITED STATES OF AMERICA, | : CRIMINAL ACTION NO. 11-0352-WS |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, Mitchell Burke, has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 (*see* Doc. 183). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Burke's § 2255 motion be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1), and, alternatively, because it raises a non-constitutional claim that does not provide a basis for collateral relief.

## FACTUAL BACKGROUND

On September 20, 2012, Burke entered a counseled guilty plea to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846, as charged in Count 1 of the indictment. (*See, e.g.*, Doc. 76.) Petitioner was sentenced to a term of 60 months imprisonment, the statutory mandatory minimum, on July 30, 2013. (*See* Doc. 164.) Burke did not file a direct appeal. (*See* Docket Sheet.)

On October 19, 2015, Burke filed two motions to reduce his sentence pursuant to the 2014 drug guidelines amendment. (Docs. 179 & 180.) The Court denied Burke's request for a sentence reduction on November 4, 2015. (Doc. 182.)

> The defendant was sentenced to a statutory minimum sentence of 60 months. That statutory mandatory minimum sentence remains in effect despite Amendment 782. Moreover, the original guideline range was 168 to 210 months, and the defendant received a below-guideline sentence of 60 months. The Court cannot reduce a below-guideline sentence unless that sentence was based on a government motion to reflect the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2). Because the government filed no such motion, and because the defendant's 60-month sentence was not based on any such motion, his sentence cannot be reduced.

(*Id.*)

The instant motion to vacate was filed by Burke on August 13, 2016. (*See* Doc. 183, at 7.) Therein, petitioner contends that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because it is being filed within one year of the effective date of Amendment 794 to U.S.S.G. § 3B1.2 (*see id.* at 6-11), which, according to Burke, was made retroactive by the Ninth Circuit in *United v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). What the Ninth Circuit actually held, of course, is that Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2, "applies retroactively in direct appeals." *Id.* at 521.[1]

---

[1] Although *Quintero-Leyva* is not binding precedent on this Court, the Ninth's Circuit's opinion offers no assistance to Burke both because his claim comes not via direct appeal but, rather, by collateral attack, and also because the Supreme Court of the United States has not recognized the "right" or claim he is asserting, *see* 28 U.S.C. § 2255(f)(3) (recognizing that the one-year limitations period runs from the latest of several dates, including "the date on which the right asserted was initially recognized by the **Supreme Court**, if that right **has been newly recognized by the Supreme Court** and made retroactively applicable to cases on collateral review[.]" (emphasis supplied)).

Turning to a different matter, Burke appears to believe that this is his second § 2255 petition (*see* Doc. 183, at 10); it is not a second collateral motion, only his first (*see* Docket Sheet).

## CONCLUSIONS OF LAW

Rule 4 of the Rules Governing Section 2255 cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). It is clearly appropriate for a district court to summarily dismiss time-barred motions to vacate prior to any answer or other pleading by the United States. *See, e.g., United States v. Johnson,* 2012 WL 3070972, *1 (M.D. Fla. Jul. 26, 2012); *Jones v. United States*, 2012 WL 3704759, *1 (N.D. Ga. Jul. 18, 2012), *report and recommendation adopted,* 2012 WL 3704837 (N.D. Ga. Aug. 27, 2012). Moreover, a district court can also summarily dismiss a collateral petition that raises a non-constitutional claim that does not provide a basis for collateral relief. *See, e.g., Knight v. United States,* 2016 WL 4082701 (S.D. Ga. Jul. 29, 2016).

A. **Non-constitutional Issue/Claim.** In *Burke v. United States*, 152 F.3d 1329 (11th Cir. 1998), *cert. denied,* 526 U.S. 1145, 119 S.Ct. 2019, 143 L.Ed.2d 1031 (1999), the Eleventh Circuit held that "a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Id.* at 1332.

> The threshold inquiry is whether Burke's claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255. The Supreme Court has noted that § 2255 is not a substitute for direct appeal. Thus, nonconstitutional claims can be raised on collateral review only when the error constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.
>
> At least one of our sister circuits has explicitly held that a claim that the sentence imposed is contrary to a subsequently enacted clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice.

In the instant case, Burke's claim falls short of indicating a complete miscarriage of justice. This court has held that amendment 347 is a clarifying rather than a substantive amendment. Clarifying amendments do not effect a substantive change, but provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline. Insofar as amendment 347 is a clarifying amendment effecting no change in the substantive law, Burke was afforded the opportunity to raise the impropriety of the obstruction-of-justice enhancement at his original sentencing and on direct appeal. Considering all of the circumstances, we cannot say that the alleged mis-application of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief.

*Id.* at 1331 & 1332 (internal citations, quotations marks and brackets omitted).

In two recent cases, the United States District Court for the Southern District of Georgia has applied the *Burke* analysis to Amendment 794, a clarifying amendment, *compare United States v. Casas,* 632 Fed.Appx. 1003, 1004 (11th Cir. Dec. 3, 2015) ("In recent amendments to the Guidelines, the Sentencing Commission ***clarified*** the factors to consider for a minor-role adjustment, particularly for low-level offenders." (emphasis supplied)) *with Quintero-Leyva, supra,* 823 F.3d at 523 ("We conclude that the Amendment resolved a circuit split, and was intended as a ***clarifying*** amendment." (emphasis supplied)), and determined that where a petitioner "'was afforded the opportunity to' challenge the denial of a minor role adjustment 'at his original sentencing and on direct appeal[,]'" and fails to do so, "'[the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief.'" *Knight, supra,* at *2, quoting *Burke, supra,* 152 F.3d at 1332; *see also Jacobs v. United States,* 2016 WL 4183312 (S.D. Ga. Aug. 5, 2016) (same analysis), *report and recommendation adopted,* 2016 WL 4487874 (S.D. Ga. Aug. 24, 2016).

The undersigned not only agrees with the analysis in *Knight* and *Jacobs* but also

4

would go further in this case and find that where, as here, a petitioner actually receives an adjustment (of -2) for his minor role in the offense (*see* Doc. 133, at 7), this Court certainly cannot say that any "'alleged misapplication of the sentencing guidelines in this case [specifically, the failure to give a minimal role adjustment of -4, rather than a minor role adjustment of -2] was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief.'" *Knight, supra,* at *2, quoting *Burke, supra,* 152 F.3d at 1332. Accordingly, petitioner's non-constitutional claim is due to be summarily dismissed because it does not provide a basis for collateral relief.

    B.    **Statute of Limitations.**  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the typical case, a petitioner interposes no argument in favor of application of subsections (2), (3), and (4) of § 2255(f), such that the timeliness of a motion to vacate, set aside or correct a sentence becomes relatively easy to calculate under § 2255(f)(1) based upon the date on which a petitioner's judgment of conviction became final. In this case, Burke did not file a direct appeal and, therefore, his conviction became final fourteen (14) days after this Court entered its August 14, 2013 written judgment, that is, on August 29, 2013, the date on which the time for filing a notice of appeal with this Court expired. *Compare* Fed.R.App.P. 4(b)(1)(A)(i) *with Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Thus, Burke's one-year limitations period for filing his § 2255 motion began running on August 29, 2013 and expired on August 29, 2014. And, of course, it is because Burke's motion to vacate comes almost two (2) years following the expiration of his one-year limitations period that he seeks to argue that his motion to vacate is timely under § 2255(f)(3) ("[T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"); however, Burke's argument need fail because the Supreme Court has not recognized the "right" he asserts. Rather, only the Ninth Circuit Court of Appeals has addressed Amendment 794 to U.S.S.G. § 3B1.2 and that court simply held the amendment applicable in direct appeals, not to the collateral review Burke is pursuing.

Based upon the foregoing, and because Burke's motion contains no argument that he is entitled to equitable tolling of the limitations period—and "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D.

Miss. Jul. 9, 2013)—or that he is factually innocent of the crime for which he was convicted—[2] the undersigned recommends that petitioner's § 2255 motion be summarily dismissed as untimely.[3]

C. **Certificate of Appealability.** Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an alleged underlying constitutional

---

[2] There can be no question but that the Supreme Court held in *McQuiggin v. Perkins*, U.S. ___, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id*. at ___, 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id*. (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*., quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Burke, of course, does not assert his factual innocence and certainly has supplied this Court with no "new" evidence establishing his actual innocence of the § 846 charge. Thus, *McQuiggin* does not provide him a gateway through which his untimely § 2255 motion may pass.

[3] Besides, even if this Court was to find that petitioner would have received a "greater" minor role adjustment (that is, a 4-level adjustment, as opposed to the 2-level adjustment he did receive), by Burke's own calculations his "final" total offense level would have been 30. A total offense level of 30, with a criminal history category of III, would have rendered a guideline range of 121 to 151 months. As has already been made abundantly clear by this Court, Burke's 60-month sentence would still be below any "adjusted" guideline range, and (for reasons previously stated) his sentence cannot be reduced below 60 months (*see* Doc. 182).

claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, and also because petitioner's claim is non-constitutional, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Burke's motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *See Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

**CONCLUSION**

The Magistrate Judge recommends that the instant motion to vacate (Doc. 183) be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1), and, alternatively, because it raises a non-constitutional issue that does not provide a basis for collateral relief. Burke is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

**DONE** this the 31st day of August, 2016.

                                  s/WILLIAM E. CASSADY
                               **UNITED STATES MAGISTRATE JUDGE**